Richards W. Hannah, J.
A hearing was held upon this petition which seeks a declaration of paternity and support for an out-of-wedlock child born on May 4, 1963 to Helen Marsh. The title shows that the petition has been brought by the Department of Welfare as petitioner and was signed and verified by Philip Sokol, a public welfare official of the City of New York, on May 27, 1964.
On October 9,1964 the respondent appeared and denied paternity. On January 20,1965 the respondent moved to dismiss the proceedings upon the ground that Helen Marsh ‘1 has not been, is not now, and is not likely to become a public charge ’ ’, and for an examination before trial of Helen Marsh upon these facts. The motion was granted and an examination held on April 13, 1965.
During the hearing the respondent moved to dismiss the petition upon the ground that the petitioner was not the real party in interest and that she was not likely to become a public charge. The petitioner moved to join Helen Marsh as a copetitioner. The respondent objected upon the ground that the Statute of Limitations had run against her. The court reserved decisions on all these motions.
It is my opinion and I find that Helen Marsh is not likely to become a public charge within the meaning of section 522 of the *164 Family Court Act. The evidence shows that prior to August, 1964 she earned $80 weekly, that from August, 1964 to February, 1965 she earned $95 weekly and at the present $100 weekly or $170 net semimonthly plus some overtime. It appears that she has worked steadily. Her savings account is presently $1.38 but it has been as high as $885.48 at a time her father gave her some money. She owns no real estate but owns a 1960 Falcon automobile for which she paid $500. The insurance on the automobile costs $152 yearly. She paid $70 rent monthly, $43 every two weeks to the person who cares for the child plus $10 weekly if the child remains after 6:00 p.m. She earned $5,383.87 gross in 1964. A representative of the Welfare Department testified that she had never applied for assistance and that she would not be eligible since her present income exceeds the welfare budget.
In Anonymous v. Anonymous (176 Misc. 103, 108) Judge Sicheb laid down the test as follows: “ The test of the likelihood of a person’s becoming a public charge is not that individual’s special demands but rather what constitutes the norm for eligibility for old age assistance or other public aid.”
The petitioner has cited Matter of Commissioner of Welfare v. Bethea (22 A D 2d 1017) as authority for this petition being brought by the Commissioner of Welfare. The facts in that case are that the woman had been earning $75 gross or $62 net since 1961. She had no other property or assets. The respondent had started a relationship with her in 1949 which terminated in 1962. He ate all his meals with her, had some of his clothing in the apartment and had his own room elsewhere. The Community Council estimated that a budget of $2,847 was required for a young widow and a four-year-old child (New York Times, Oct. 3, 1963, p. 32, col. 5).
In Anonymous v. Anonymous (Docket P1890/1963) the petition was also brought by the Commissioner of Welfare although the facts showed that the mother was gainfully employed as a nurse’s aid in a municipal hospital earning approximately $75 a week. It appears that the child was born on April 6,1961 and the proceeding was not started until August 29, 1963. The petition was dismissed upon the ground that the petitioner was not ‘ ‘ likely to become a public charge ’ ’ since the mother was and had been gainfully employed for some time. The court rejected the argument that the mother might possibly become in need of public assistance in the indefinite future or that her earnings were possibly under the schedules of certain community service organizations.
*165 Accordingly, I find and hold that this petition cannot be brought by the Commissioner of Welfare since in my opinion Helen Marsh is not likely to become a public charge.
The Corporation Counsel moved to join the mother as copetitioner at the close of the petitioner’s case. The respondent opposed this motion upon the ground that the two-year statute (Family Ct. Act, § 517, subd. [a]) had run against the mother. It appeared that respondent had moved in January, 1965 to dismiss the petition upon the ground that it should have been brought by the petitioner and not the Commissioner and for an examination before trial of Helen Marsh upon the issue of whether she was likely to become a public charge. The motion to dismiss was denied. The examination was held on April 13, 1965. It would seem that a new petition might have been filed in the mother’s name after the January, 1965 motion, to prevent any claim that the proceedings were barred by the two-year statute but this was not done. So we now pass to the issue raised on the motion. The title of the petition includes the name of the mother (Helen Marsh), although it names the Commissioner of Welfare of the City of New York as petitioner. The body of the petition names a public welfare official as petitioner but alleges that Helen Marsh, who resides at a certain address gave birth on May 4,1963 at a certain named hospital to a male child born out of wedlock, that the child resides with the mother at a certain address and that the respondent is the father. It then alleges that mother and/or child is likely to become a public charge. The respondent appeared, denied paternity, served a demand for a bill of particulars, received a bill of particulars, demanded and obtained blood-grouping tests and examined the mother before trial. Therefore, it must be said that respondent was fully aware of the claim made that he was the father of the child and that a declaration of paternity and support were sought for the child. The respondent has not suffered by the delay. This is not an instance where, after the Statute of Limitations has run, a party comes into litigation pressing a separate, distinct and new cause of action. This proceeding was brought for two purposes: first, to obtain a declaration of paternity for the child, and second, for support of the child. Obviously, there is a unity of interest in all these objectives between the Department of Welfare, the mother and the child. Is this child to lose his right to a declaration of paternity merely because of an alleged mistake or error in naming the petitioner? I shall not take such a narrow view.
In New York Cent. R. R. v. Kinney (260 U. S. 340, 346) Justice Holmes said: “ Of course an argument can be made on the other *166 side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied.” This rule has been followed in Van Der Stegen v. Neuss, Hesslein & Co. (270 N. Y. 55); Tobias v. Kesseler (18 A D 2d 1094) and Wallis v. United States (102 F. Supp. 211). In both Van Der Stegen and Wallis, substitution of plaintiffs was allowed.
CPLR 104 provides that the Civil Practice Law and Rules shall be liberally construed to receive the just, speedy and inexpensive determination of every civil judicial proceeding. Section 165 of the Family Court Act makes them applicable to these proceedings. CPLR 1003 provides that “ Parties may be added or dropped by the court, on motion of any party or on its own initiative, at any stage of the action and upon such terms as may be just.” At the time the Corporation Counsel made the motion to add Helen Marsh or to substitute her as a petitioner, the court advised respondent’s counsel that if he pleaded surprise an adjournment would be granted him. In addition CPLR 2001 gives the court power at any state of the action to correct a mistake, omission, defect or irregularity. I feel that under all the facts that the Corporation Counsel’s motion to add Helen Marsh as a party petitioner should be and is granted and the title and pleadings changed accordingly.
[Discussion of the evidence as to the paternity issue eliminated.]
In my opinion petitioner failed to establish paternity in a clear and convincing way and I conclude that respondent is not the father of petitioner’s child as alleged.
Petition dismissed.