860 F.2d 338
 Paul R. BERTI, Plaintiff-Appellant,
v.
V.A. HOSPITAL, and Does 1 through 10, inclusive, Defendant-Appellee.
 No. 87-2226.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Oct. 6, 1988.*
Decided Oct. 26, 1988.
 
 Gary E. Gamel, San Jose, Cal., for plaintiff-appellant.
 Stephen L. Meagher, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before CHOY, SNEED and CANBY, Circuit Judges.
 CHOY, Circuit Judge:
 
 
 1
 Paul R. Berti ("Berti") appeals from the district court's order dismissing his action under the Federal Tort Claims Act ("FTCA") for alleged negligent medical treatment he received at a Veterans Administration ("V.A.") hospital. The district court dismissed the action for lack of subject matter jurisdiction because the complaint was untimely filed. We affirm.
 
 BACKGROUND
 
 2
 In October 1982, Berti, a 70 year old veteran, was admitted into the V.A. Palo Alto hospital because of complaints of lower limb weakness. Berti subsequently underwent an angiogram procedure which he claims was negligently performed, causing him to suffer a stroke and resulting in his confinement to a wheelchair.
 
 
 3
 On November 1, 1983, Berti, through counsel, submitted an administrative claim for medical malpractice to the V.A. In a letter accompanying the claim, Berti's counsel listed an address in Palo Alto, California. On December 7, 1984, the V.A. sent a letter giving notice of its denial of the claim by certified mail to Berti's counsel at the Palo Alto address. The notice was forwarded to a new address in San Jose, California, before being returned to the V.A. on January 4, 1985, and marked "unclaimed." The V.A. again sent the denial by certified mail, this time to the new address listed on the returned envelope. The second certified letter was also returned as "unclaimed" on February 8, 1985. The V.A. then sent the denial letter to Berti himself on February 22, 1985, with a cover letter explaining that his attorney had failed to claim the denial letter on two separate occasions. On February 26, 1985, the denial letter was sent for a third time to Berti's counsel,[1] at the San Jose address, where it was finally claimed.
 
 
 4
 On June 6, 1985, Berti's counsel submitted a request for reconsideration to the V.A.'s General Counsel. The General Counsel received the letter on June 11, 1985.
 
 
 5
 On August 21, 1985, Berti filed his FTCA complaint in the district court, naming the V.A. as the defendant. After having once amended the complaint, Berti sought to amend the complaint again in order to include the United States as a defendant. On April 14, 1987, the district court granted the V.A.'s motion to dismiss, holding that Berti's failure to timely file his complaint deprived the court of subject matter jurisdiction. The court also denied Berti's request to amend his complaint. Berti timely appeals.
 
 DISCUSSION
 
 6
 We review de novo a district court's order dismissing a complaint for lack of subject matter jurisdiction. McIntyre v. United States, 789 F.2d 1408, 1410 (9th Cir.1986).
 
 
 7
 "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769-70, 85 L.Ed. 1058 (1941)). Assuming compliance with other relevant statutes, the federal government has consented to be sued for the torts of its employees if the "action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. Sec. 2401(b). This requirement for the time of filing the action is jurisdictional and subject neither to estoppel principles nor to equitable considerations. Burns v. United States, 764 F.2d 722, 724 (9th Cir.1985).
 
 I. Notice of Denial of Claim
 
 8
 Berti argues that only a mailing which the claimant actually receives constitutes a mailing that triggers the six-month statutory period under 28 U.S.C. Sec. 2401(b). Berti thus maintains that the statutory period did not begin until February 26, 1986, the date Berti's counsel finally claimed the V.A.'s certified letter.
 
 
 9
 Section 2401(b) designates the date of the certified mailing as the starting point for the six-month statutory period. Berti would have this court impose the additional requirement that the mailing result in actual notice to the claimant. Yet, in the face of clear statutory language that begins the running of the statutory period from the date of mailing of a certified or registered letter, Berti's request would "enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit." Claremont Aircraft, Inc. v. United States, 420 F.2d 896, 898 (9th Cir.1970) (date of initial certified mailing of the denial of the administrative claim commences the six-month statutory period and subsequent communication about the claim did not toll the statutory period) (quoting Mann v. United States, 399 F.2d 672, 673 (9th Cir.1968)); see Hatchell v. United States, 776 F.2d 244, 246 (9th Cir.1985) (limitation period under 28 U.S.C. Sec. 2401(b) runs from date of mailing rather than the date of service of a notice). Accordingly, we refrain from adopting Berti's proposal, and hold that the date of the initial mailing of a properly certified or registered letter begins the six-month statutory period. Berti's complaint, filed August 21, 1985, was thus untimely as it was filed more than six months after December 7, 1984, the mailing date of the V.A.'s first denial letter.
 
 II. Request for Reconsideration
 
 10
 Berti further argues that his request for reconsideration presented to the V.A. General Counsel on June 6, 1985, tolled the running of the six month limitation period.
 
 
 11
 FTCA regulations allow a claimant to file a written request with the agency for reconsideration of a final denial of a claim. 28 C.F.R. Sec. 14.9(b). This administrative appeal prevents the agency's denial from becoming a final denial for purposes of 28 U.S.C. Sec. 2401(b) and tolls the six-month limitation period until either the V.A. responds or six more months pass. 28 C.F.R. Sec. 14.9(b); see Smith v. United States, 585 F.Supp. 624, 625 (E.D.Mich.1984), aff'd, 798 F.2d 1416 (6th Cir.1986). However, V.A. regulations specify that this request for consideration "should be addressed to and received by [V.A.] General Counsel within 6 months of the mailing date of the denial letter." 38 C.F.R. Sec. 14.608(a) (emphasis added).
 
 
 12
 Here, the V.A. General Counsel did not receive Berti's request for reconsideration until June 11, 1985, more than six months after the V.A.'s first mailing of the letter giving notice of the denial of Berti's claim. Therefore, Berti's request for reconsideration was not filed within the applicable limitation period. The untimeliness of Berti's request precluded the V.A. from considering it. See Woirhaye v. United States, 609 F.2d 1303, 1306 (9th Cir.1979).
 
 CONCLUSION
 
 13
 Berti's failure to timely file a complaint deprived the district court of jurisdiction. The failure to timely file a request for reconsideration prevented the V.A. from considering the reconsideration request. Accordingly, we AFFIRM the district court's dismissal.[2]
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 [1]
 The third mailing occurred after Berti's counsel notified the V.A. that he would like to receive a copy of the letter
 
 
 [2]
 In filing his complaint, Berti erroneously omitted the United States as a defendant, see 28 U.S.C. Secs. 1346(b); 2679(a); see also Allen v. Veterans Administration, 749 F.2d 1386, 1388 (9th Cir.1984), even though the V.A.'s letter denying Berti's claim stated that the U.S. was "the proper party defendant." However, because we agree that the complaint must be dismissed for lack of subject matter jurisdiction, we need not address the propriety of the district court's refusal to allow Berti to amend his complaint to add the U.S. as a defendant