**Corinne BOND, Plaintiff,**

v.

**UNITED STATES of America, United States Postal Service, Association of Postal Lessors, Phillip Bowers, and Don Bowers, Defendants.**

**No. CV95–6867–R.**

United States District Court,
C.D. California.

July 29, 1996.

---

Rhoda Walsh, Los Angeles, California, Michael J. Treman, Santa Barbara, California, for plaintiff.

Lawrence Kole, Asst. U.S. Atty., Los Angeles, CA, for defendants United States of America and United States Postal Service.

Neil Popowitz, Wilner Klein & Siegel, Beverly Hills, CA, for defendants Association of Postal Lessors, Phillip Bowers, and Don Bowers.

## OPINION AND ORDER

REAL, District Judge.

## I.

### *BACKGROUND*

Plaintiff Corinne Bond (BOND) brings suit against the above named Defendants based on personal injuries she alleges to have sustained on November 18, 1994, while walking on property operated by the United States Postal Service (USPS). Defendants Phillip Bowers and Don Bowers own this property. BOND claims she suffered physical injuries on a pedestrian access ramp at the postal facility located at 11420 Santa Monica Boulevard in Los Angeles. BOND is now suing the United States (the Government) under the Federal Tort Claims Act (FTCA). 28 U.S.C. §§ 2671, et seq.

Presently before the Court is a Motion to Dismiss brought by the Government,[1] pursuant to Federal Rule of Civil Procedure 12(h)(3). Specifically, the Government argues that this Court currently lacks subject matter jurisdiction in this case because BOND filed her Complaint prior to exhausting her administrative remedies. By jumping the gun, so to speak, subject matter jurisdiction conferred by the FTCA has not

---

**1.** On April 19, 1996, the remaining Defendants— Phillip Bowers, Don Bowers and the Association of U.S. Postal Lessors—filed their joinder in the Motion to Dismiss.

ripened. *See* 28 U.S.C. §§ 2401(b) and 2671, et seq.

■ What is unique about this motion is that although BOND did exhaust the administrative remedies mandated by the express language of 28 U.S.C. § 2675, the Government claims that because BOND filed this action before the USPS denied her request for reconsideration under 28 C.F.R. § 14.9—the regulation permitting reconsideration of the USPS' final denial of BOND's claim—subject matter jurisdiction is absent. This precise issue raised in this factual context has yet to be decided by any court, as far as the parties' and the Court's research reveals.

Properly framed, the central question presented by the Government's motion is whether the requirements of 28 C.F.R. § 14.9(b) are jurisdictional. If the answer is yes, any departure from its requirements would thereby wrest subject matter jurisdiction from this Court.

Based on the pleadings and arguments of counsel, the Court finds that 28 C.F.R. § 14.9(b) is not jurisdictional and does not supplant Congress' statutory language establishing what constitutes a final denial. Therefore, the Court concludes subject matter jurisdiction does indeed exist in this action.

2. The FTCA's statute of limitations is contained in § 2401(b), which states:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after which claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

3. Section 2675(a) states in part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claim shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter,

II.

### DISTRICT COURT'S JURISDICTION

As alleged, the incident giving rise to this action occurred on November 18, 1994. BOND presented her administrative claim on January 11, 1995, well-within two years of the accident as required by 28 U.S.C. § 2401(b).[2] The parties do not dispute this fact, and thereby concede the first requirement of § 2401(b) has been met. The issue at hand concerns the language of §§ 2401(b) and 2675(a) as to what constitutes a final denial, triggering the six-month period in which to file this action in federal court.[3]

The USPS executed its first "final denial" of BOND's claim by notifying her in writing by certified mail on April 28, 1995. In the April 28 "final denial" letter, the USPS informed BOND of her option to request reconsideration of the "final denial"; this option to seek reconsideration of the USPS' denial is provided by administrative regulation. 28 C.F.R. § 14.9(b).[4]

BOND, in turn, elected to request reconsideration of the denial of her claim by letter dated June 28, 1995, instead of filing suit, which was her absolute right to do at that time. If she had brought this action after the first "final denial," no viable jurisdictional objection would have then existed.[5] The

be deemed a final denial of the claim for purposes of this section.

4. 28 C.F.R. § 14.9(b) provides:

Prior to the commencement of suit and prior to the expiration of the 6-month period provided in 28 U.S.C. 2401(b), a claimant, ..., may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section. Upon the timely filing of a request for reconsideration the agency shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration. Final agency action on a request for reconsideration shall be effected in accordance with the provisions of paragraph (a) of this section.

5. For clarity, the first "final denial" refers to the April 28, 1995 letter. The second "final denial" refers to the USPS inaction on BOND's June 28, 1995 request for reconsideration.

It should be noted the USPS has never *denied* BOND's request for reconsideration. The USPS

Government declares that it received this letter on July 3, 1995. Then, on October 12, 1995, less than four months after sending the request for reconsideration, and within six months of the first "final denial," BOND filed this action in federal district court. The USPS had not acted on BOND's request for reconsideration prior to BOND filing suit (see footnote 5).

Again, to be clear, the Government does not assert that BOND failed to *present* her claim timely on either occasion, or that suit was filed after the statute of limitations had run. Instead, the Government argues that because BOND filed suit on October 12, 1995, before the USPS had issued a *second* "final denial," § 14.9(b) makes BOND's suit premature, and therefore this Court does not have jurisdiction over this matter. *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (holding that district court has no jurisdiction when an action is brought before the *first* final denial occurs).

█ The FTCA is a limited waiver of sovereign immunity and provides for tort liability and money damages against the United States in those actions falling within its scope. *See Berti v. V.A. Hospital*, 860 F.2d 338, 339–40 (9th Cir.1988) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058, (1941) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.")) (internal quotes omitted). This waiver of sovereign immunity must be strictly construed. *Cadwalder v. United States*, 45 F.3d 297 (9th Cir.1995).

Because the precise terms of the waiver of sovereign immunity dictate the grounds on which, and the procedures whereby, the Government may be sued, BOND must comply with the literal language of the FTCA in

order for subject matter jurisdiction to exist. *See Warren v. United States Department of the Interior Bureau of Land Management*, 724 F.2d 776 (9th Cir.1984) (*en banc*); 28 U.S.C. § 2675(a). Neither party contends BOND failed to comply initially with either 28 U.S.C. § 2675(a), or 28 U.S.C. § 2401(b). Instead, in this case the Government asserts that BOND failed to comply with the *regulations* enacted pursuant to 28 U.S.C. § 2672—specifically 28 C.F.R. 14.9 [6]—by commencing suit in federal court before a *second* "final denial" occurred. This failure, according to the Government, divests this Court of jurisdiction because § 14.9(b) establishes an alternative definition as to what constitutes a final denial. Following that reasoning, the Government posits that once BOND asked for reconsideration, no final denial had occurred. *See Berti*, 860 F.2d at 340.

The Ninth Circuit has already given this Court guidance with respect to the question at issue in this case. In *Warren, supra*, decided *en banc*, the Ninth Circuit resolved earlier conflicts within the Circuit by holding that the administrative regulations §§ 14.1 et seq., which were enacted pursuant to the agencies' claims settlement authority, were not jurisdictional limitations on tort claims. *Id.* at 778 (finding that "the relevant statutes and their legislative histories reveal that Congress did not intend to treat regulations promulgated pursuant to section 2672 as jurisdictional prerequisites under section 2675(a)").

The Government's argument, which tries to change the tenor and limit the scope of *Warren*, is not persuasive. Although specifically addressing 28 C.F.R. § 14.3(e) (since amended) and not § 14.9(b), the analysis in *Warren* dealt with the interrelationship between § 2672 (the enacting section), the regulations promulgated thereunder, and the jurisdictional effect of those regulations.

did not send a second "final denial" by certified mail. Six months passed since the request for reconsideration, and BOND, at the very least, has six months from that date to file an action against USPS. At the earliest, BOND's claim against the USPS would run afoul of the statute of limitations on either June 28 or July 3, 1996. *But see Conn v. U.S.*, 867 F.2d 916 (6th Cir. 1981); *Taumby v. United States*, 919 F.2d 69 (8th

Cir.1990) (recognizing that there is no time limit for filing FTCA action when administrative claim is deemed denied due to agency's inaction); *Pascale v. United States*, 998 F.2d 186 (3rd Cir. 1993).

6. The USPS also relies on 39 C.F.R. § 912.9, but the disposition of this matter is the same under either regulation.

Holding that Congress in fact did not delegate authority to agencies to create regulations that would have jurisdictional impact, the *en banc* panel observed:

> The regulations in question were promulgated by the Attorney General pursuant to this authority [§ 2672]. Nothing in this language suggests that these regulations are to be applied jurisdictionally under section 2675(a). If Congress intended to authorize the promulgation of jurisdictional regulations, it would have created that authority directly. Congress has never delegated such authority under section 2675(a).

*Id.* at 778.

*Warren*'s broad pronouncement that "these regulations" are jurisdictionally impotent belies the Government's argument that § 14.9(b) dictates the occurrence or non-occurrence of a final denial. Section 14.9(b) cannot simply be dressed-up to be a definition of what constitutes a final denial, as the Government charges, if to do so would give these regulations jurisdictional force, contrary to the language in *Warren*.

■ Trying to escape this conclusion, the Government tries to curtail *Warren* by making a distinction on a basis that is plucked out of thin air. According to the Government, *Warren* only applies to regulations that restrict jurisdiction. The Court disagrees. That *Warren* stands only for the proposition that the regulations are not jurisdictional if they contract instead of expand subject matter jurisdiction ignores *Warren*'s entire ratio decidendi. Congress in § 2672 allowed for administrative regulations to be enacted to facilitate settlement, but it never expressed an intent to repose jurisdictional gate-keeping to the Attorney General by way of regulatory enactment—either by way of raising or lowering jurisdictional hurdles.

The tenuous footing of the Government's argument is apparent. It puts forth great effort, as it must, to distance BOND's case from the rationale in *Warren*. To do so, the Government attempts to distinguish regulations that impose "limitations" on jurisdiction, as in *Warren*, from § 14.9(b), which "simply reaffirm[s] the elements of the final denial requirement as stated in Section 2675(a)." The Government's exercise in argumentation fails in several respects, however.

First, the Court notes that the Government, in its own argument, has trouble keeping straight how best to characterize § 14.9(b), when attempting to advance its argument and put its best foot forward. On the one hand the Government advertises that § 14.9 simply reaffirms the final denial requirement of § 2675 and does not "create any jurisdictional prerequisites beyond that found in the statutory language of the FTCA." (Government Reply Memo, at p. 4). This would have the Court find that § 14.9 acts merely to clarify the interpretation of what constitutes a final denial, but has no jurisdictional consequence.

On the other hand, the Government claims in the very same breath that § 14.9 "create[s] *additional rights* for the claimant." (Government Reply Memo, at p. 2) (emphasis in original). By definition these "additional rights" are ones not provided for by the statute, i.e. a second bite at the administrative process apple. Within this characterization of the regulation, the Government is acknowledging that a claimant is given more time to sue than provided for by §§ 2401(b) and 2675(a) as a result of the operation of § 14.9(b).

The Government's casting of both parts fails. Inherent within the Government's position is that § 14.9(b), by its operation, has import of jurisdictional dimensions, in that once a claimant seeks reconsideration a court does not have jurisdiction over the claim, even though jurisdiction existed for the brief moment in time between the first final denial and a plaintiff's election to request reconsideration. Having already met all statutory precursors to jurisdiction, § 14.9(b) strips BOND's then existing right to come to federal court and file this action, rendering earlier compliance with §§ 2401(b) and 2675(a) nugatory. If this is not divestiture of subject matter jurisdiction by regulatory fiat then what is?

Moreover, looking at the Government's alternative characterization, that § 14.9 creates additional rights instead of limiting a claimant's rights, the Court need not beckon

a hypothetical for the speciousness of this position to become apparent. In this very case, § 14.9 is being used as a limitation on BOND, a *shield* against BOND's lawsuit. Nowhere can it be found in the plain language of either §§ 2401 or 2675 that a final denial is not a final denial if a claimant seeks reconsideration.

Second, even if the Government's spin on § 14.9 is taken to be true that it *"expand* [s] the rights of an FTCA claimant," (Government Reply Memo, at p. 1) (emphasis in original), this would be an impermissible expansion of jurisdiction provided for in the FTCA, an equally fatal blow to the Government. Without express delegation, § 14.9(b) cannot act to confer a broader waiver of sovereign immunity than set forth in the statute. *United States v. Mitchell,* 463 U.S. 206, 215–16, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d 580 (1983); *Mitzelfelt v. Department of Air Force,* 903 F.2d 1293, 1296 (10th Cir. 1990) (stating that "administrative regulations cannot waive the federal government's sovereign immunity"). *See also Amwest Surety Ins. Co. v. United States,* 28 F.3d 690 (7th Cir.1994) (recognizing that an agency cannot impose additional conditions on the United States' consent to be sued unless Congress expressly delegates this authority).

If the Government's construction of § 14.9 is given jurisdictional effect, it would act to reinvent, restart or waive the requirement in §§ 2401(b) and 2675(a) that suit be brought within six months of the final denial. Taken to its logical end, nothing in the Government's argument prevents the agency from amending § 14.9(b) to require reconsideration of a "final denial" before a claimant could sue. This would give the agency a year from the presentation of a claim to forestall an action from being brought. Congress did not evidence in the enacting legislation, § 2672, any intent to authorize a regulation to be created that could achieve this result.

The plain language of §§ 2401(b), 2672 and 2675(a), and their respective legislative histories do not reveal an express or implied intent to broaden Congress' waiver of sovereign immunity. Consistent with *Warren,* where the Ninth Circuit held that §§ 14.1 et seq. were not intended to be jurisdictional, the Government cannot win the day here by arguing that § 14.9 expands instead of limits BOND's rights. This distinction is reduced to mere sophistry when examined with any degree of intensity. In addition to the problem of the malleability of this distinction, if Congress in its wisdom chooses to allow an agency to enact regulations that have jurisdictional force, either to expand or limit the time in which a claimant must bring suit, it must say so. Congress has not spoken here.

Additionally, *McNeil, supra,* is inapposite to BOND's case. In *McNeil,* the claimant filed suit before the agency denied the initial administrative claim, and the Supreme Court accordingly held that the plaintiff failed to comply with § 2675(a). But the jurisdictional effect of the regulation providing for reconsideration was never at issue in *McNeil.*

Finally, the Government's citation to cases recognizing that a request for reconsideration tolls the six-month limitation period, *see e.g. Berti, supra,* does not militate a finding that § 14.9(b) is, in fact, jurisdictional. First, *Berti* did not present the precise question of whether § 14.9(b) is jurisdictional. Instead, that case merely acknowledged the effect of asking for reconsideration; that is, the government will not succeed in raising the statute of limitations as a defense unless a putative plaintiff fails to file suit within six months of the government's denial of the request for reconsideration. This conclusion is consistent with this Court's reasoning and finding that § 14.9(b) is not jurisdictional.

■ While § 14.9(b) is not jurisdictional, it does have some force. Its presence provides grounds for a plaintiff to claim that the statute of limitations should be equitably tolled. For those claimants that request reconsideration—an option that the Government represents is available once there has been a "final denial" in the first instance—and by doing so fail to file suit within six months of the Government's first "final denial," § 14.9(b) may be used to estop the Government from relying on the statute of limitations as a defense.

The Government is incorrect in its assertion that equitable considerations are not to

be considered under the FTCA and fails to recognize the significance of several cases stating otherwise. *See Irwin v. Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (establishing the general rule that equitable tolling of the statute of limitations is available in suits against the government unless Congress provides otherwise); *Glarner v. U.S. Dep't of Veterans Administration,* 30 F.3d 697 (6th Cir.1994) (holding that § 2401(b) of the FTCA can be equitably tolled). Clearly a court following *Glarner* must assess the effect of § 14.9(b) when analyzing a plaintiff's argument for equitable tolling.

### III.

### *CONCLUSION*

In sum, the Court today clarifies the effect of § 14.9(b), something that should give guidance to the Government and some future plaintiffs. It also allows Congress to express its desire on the nature of regulations' effects on the statutory provisions of the FTCA. Consistent with the holding in *Warren,* therefore, I find the regulations contained in Title 28 C.F.R. § 14.1 et seq. are not jurisdictional, and thus BOND's case is properly before this Court.

Further, as noted above, when a claimant seeks reconsideration, § 14.9(b) may in the future act to equitably toll the statute of limitations under § 2401(b). In those cases in which a claimant has been given the option to either sue after the initial final denial or have another bite at the apple by seeking reconsideration, he or she is relying on the Government's representation that the claimant will not be barred by the statute of limitations by electing this latter option.

But the Court need not lay out the various permutations that may occur in future cases depending on the specific timing of a claimant's decision to file suit after seeking reconsideration. These are issues for a future day. Instead, the Court is looking only at the case at hand, where BOND sued within six months of the final denial as required under § 2401(b).

Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **DENIED.**