105 F.3d 664
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Josephine BELLARDITA, Plaintiff-Appellant,
v.
UNITED STATES AIR FORCE, Defendant-Appellee.
 No. 95-16873.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996*.
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff Josephine Bellardita, a former civilian auditor for the United States Air Force, filed suit alleging the following claims: (I) National origin discrimination (plaintiff was born in Sicily, Italy); (II) Sex discrimination; (III) Age discrimination; (IV) Rehabilitation Act/ADA discrimination (plaintiff describes herself as overweight); and (V) Common law tort of invasion of privacy.
 
 
 3
 The district court granted the Air Force's motion for summary judgment on counts I, II, and IV, because the district court found that Bellardita had received her right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC") more than thirty days before she filed suit, thus making her suit untimely. The district court granted the Air Force's motion for judgment on the pleadings on count V because it found that Bellardita had not filed properly under the Federal Torts Claims Act and that her claim was untimely filed. The district court then held a bench trial on the remaining count of age discrimination and found in favor of the Air Force.
 
 
 4
 Bellardita appeals and we affirm.
 
 
 5
 1. Rights under the Civil Rights Act of 1991
 
 
 6
 Bellardita argues that she was entitled to the protections of the Civil Rights Act of 1991, including the right to a jury trial, because she filed a complaint with the Air Force before August 1, 1989. The Air Force, however, correctly argues that it is the dates of the behavior complained about which are dispositive, not the date on which the suit was filed. Under Landgraf v. USI Film Products, 511 U.S. 244, 114 S.Ct. 1483, 1489, 1508, 128 L.Ed.2d 229 (1994), the Civil Rights Act of 1991 does not apply to cases involving behavior which occurred prior to the Act's effective date of November 21, 1991. The latest date of challenged behavior occurred prior to this, on March 22, 1990, when Bellardita's former supervisor allegedly called her and urged her to stop pursuing her complaint.
 
 
 7
 Therefore, the district judge correctly held that the provisions of the Civil Rights Act of 1991 do not apply to this case.
 
 2. The EEOC letter
 
 8
 Bellardita contests the district court's finding that she received a final decision, right-to-sue letter from the EEOC, which was the basis of the court's determination that counts I, II, and IV were untimely filed.
 
 
 9
 We review a court's factual findings for clear error. Magnuson v. Video Yesteryear, 85 F.3d 1424, 1427 (9th Cir.1996).
 
 
 10
 The district judge determined that Bellardita received the right-to-sue letter on March 27, 1992, on the basis of the following evidence: a copy of the right-to-sue letter dated March 20, 1992, which has the ID number, "01914061;" a copy of a certified mailing receipt dated March 27, 1992, which contains a "Josephine Bellardita" signature signifying receipt of the letter and which is labeled with the same ID number as the right-to-sue letter; a copy of a certified mailing receipt dated March 26, 1992, addressed to the Department of the Air Force with the same ID number as the right-to-sue letter; and an affidavit of Kenneth Morgan, Chief of the Intake and Control Section, Compliance and Control division of the Office of Federal Operations, Equal Employment Opportunity Commission, stating that the copy of the certified mailing receipt is a true and correct copy of the certified mailing receipt for the EEOC's final decision in Bellardita's case.
 
 
 11
 Bellardita argues that the certified mailing receipt and the letter she received were in reference to a letter from Howard Moses, Deputy Director of Communications for the EEOC, dated March 23, 1992, sent in response to a letter of inquiry from Bellardita. Bellardita also argues that the proof offered by the Air Force is inadequate because it does not conform with alleged standard governmental practices for external mail. For instance, the certificates of mailing do not contain the sender's name or address. Finally, Bellardita points out that Morgan's affidavit only references one certificate of mailing which she argues refers to the Air Force's copy of the final decision letter, not hers.
 
 
 12
 The district court's determination was based on substantial evidence and Bellardita's arguments, while relevant, do not demonstrate clear error. Additionally, a review of the record reveals that Bellardita admits to having received the decision letter of March 20, 1992 shortly before receiving the letter of March 23, 1992 and notes that "Plaintiff became very confused to the contradictory statements issued by the EEOC." [Answer to memorandum of points and authorities in support of the Defendant's motion for summary judgment, dkt. # 36 at 3, 4]. Therefore, we decline to reverse the district court on its factual finding that Bellardita received the right-to-sue letter on March 27, 1992.
 
 
 13
 3. Common law tort claim of invasion of privacy
 
 
 14
 Before a district court may consider a tort claim against the federal government, the following conditions must be met: (1) the plaintiff must have exhausted her administrative remedies by filing an administrative claim with the appropriate agency; and (2) the plaintiff must have brought suit within six months of the date on which the agency's final determination of the administrative claim was sent. 28 U.S.C. § 2401(b); Berti v. V.A. Hosp., 860 F.2d 338, 340 (9th Cir.1988). These requirements are jurisdictional and may not be waived. Burns v. United States, 764 F.2d 722, 724 (9th Cir.1985).
 
 
 15
 The district court granted the Air Force's motion for judgment on the pleadings on Bellardita's invasion of privacy tort claim because "Plaintiff had not filed ... a timely complaint with this court." [dkt. # 68 at 2].
 
 
 16
 The Air Force's final determination letter denying Bellardita's administrative claim was dated August 28, 1991. [ER LL at L]. Bellardita did not begin her action in the district court until August 28, 1992, when she filed a petition to proceed In Forma Pauperis. Thus, Bellardita's tort claim was untimely filed and the district court lacked jurisdiction to hear the tort claim.
 
 
 17
 The fact that Bellardita filed a claim with the EEOC does not change this filing deadline because the EEOC is not the appropriate federal agency for Bellardita's tort claim as required by 29 U.S.C. § 2401(b).
 
 
 18
 Because we agree with the district court that Bellardita's tort claim was untimely filed, we do not reach the issue of whether Bellardita had properly filed an administrative claim with the Air Force.
 
 4. Age Discrimination Claim
 
 19
 The district court held a bench trial on Bellardita's age discrimination claim and found in favor of the Air Force. Specifically, the district court determined that the Air Force "established that Plaintiff's employment was terminated for unsatisfactory performance" [dkt. # 68 at 3] because "the evidence established that she was not competent to prepare the necessary work papers and final audit reports, and no one in the audit division found her work to be satisfactory." [Id. at 2]. The district court further found that Bellardita had difficulty with the English language and that an instructor in charge of the Air Force's auditor's training school described her as the worst trainee he had during his time at the school. [Id. at 2-3]. Thus, the district court concluded that the Air Force had presented a legitimate, nondiscriminatory reason for Bellardita's termination and that Bellardita had failed to prove that this reason was pretextual. [Id. at 3].
 
 
 20
 We review the district court's findings of fact for clear error. Magnuson, 85 F.3d at 1427.
 
 
 21
 Some evidence exists that Bellardita was competent at her job: Bellardita testified that she followed correct procedures and witnesses testified that they had no problem with her during her audits. However, Bellardita has presented no evidence which suggests that the district court's factual findings regarding Bellardita's competence are clearly erroneous. Therefore, we do not disturb the district court's determination.
 
 CONCLUSION:
 
 22
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3