Michael R. WARE, Plaintiff—
Appellant,

v.

UNITED STATES DEPARTMENT
OF the INTERIOR; et al.,
Defendants—Appellees.

No. 05–35462.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 28, 2006.

Michael R. Ware, Jacksonville, OR, pro se.

James L. Sutherland, Esq., Office of the U.S. Attorney, Eugene, OR, for Defendants–Appellees.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Michael R. Ware appeals pro se from the district court's order dismissing his

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

action alleging, *inter alia,* claims under the Federal Tort Claims Act ("FTCA") and the Privacy Act, and designating him a vexatious litigant. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Clinton v. Babbitt,* 180 F.3d 1081, 1086 (9th Cir.1999), we affirm.

■ The district court properly concluded that it lacked jurisdiction to consider Ware's FTCA claims because he did not timely file his action in district court. *See Berti v. V.A. Hosp.,* 860 F.2d 338, 340 (9th Cir.1988) (motion for reconsideration prevents the agency's denial from becoming a final denial for purposes of 28 U.S.C. § 2401(b) and tolls the six-month limitation period until either the [agency] responds *or six more months pass.*) (emphasis added).

■ The district court also properly concluded that Ware's Privacy Act claims were barred by the statute of limitations. *See* 5 U.S.C. § 552a(g)(5); *Rose v. United States,* 905 F.2d 1257, 1259 (9th Cir.1990) (applying two-year statute of limitation).

■ The district court also properly dismissed Ware's constitutional tort claims against the United States, its agencies and all individuals named in their official capacities, because Ware failed to establish subject matter jurisdiction over any of his claims. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"); *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458–59 (9th Cir. 1985) (a suit against officers and employees of the United States in their official capacities is essentially a suit against the United States, and the bar of sovereign immunity applies). To the extent Ware brought such tort claims against the

named individuals in their individual capacities, those claims were barred by the statute of limitations. *See Van Strum v. Lawn,* 940 F.2d 406, 410 (9th Cir.1991).

■ The district court did not abuse its discretion in issuing a vexatious litigant order. Ware was given notice and opportunity to oppose the pre-filing order, the district court specified Ware's history of frivolous and burdensome filings, and its order was narrowly tailored to remedy Ware's particular abuses. *See De Long v. Hennessey,* 912 F.2d 1144, 1147–49 (9th Cir.1990).

Ware's remaining contentions lack merit.

**AFFIRMED.**