**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 12-1555**

─────────

MICHELLE ZANDER,

       Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA,

       Defendant - Appellee.

─────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:09-cv-02649-AW)

─────────

Submitted: September 28, 2012     Decided: October 3, 2012

─────────

Before WILKINSON, DAVIS, and FLOYD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

E. Dale Adkins III, Emily C. Malarkey, SALSBURY, CLEMENTS, BEKMAN, MARDER & ADKINS, LLC, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Neil R. White, Assistant United States Attorney, Greenbelt, Maryland; Stuart F. Delery, Acting Assistant Attorney General, Debra R. Coletti, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michelle Zander appeals from the district court's order granting Defendant's Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction her civil action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. §§ 1346(b)(1), 2671-80 (West 2006 & Supp. 2012), and its subsequent order denying her motion seeking an evidentiary hearing. We affirm.

We review a district court's dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction de novo. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). "Absent a statutory waiver, sovereign immunity shields the United States from a civil tort suit." Kerns v. United States, 585 F.3d 187, 193–94 (4th Cir. 2009). The FTCA acts as such a waiver, but it "permits suit only on terms and conditions strictly prescribed by Congress." Gould v. U.S. Dep't of Health & Human Servs., 905 F.2d 738, 741 (4th Cir. 1990) (en banc). Congress' "limited waiver of sovereign immunity is conditioned upon the prompt presentation of tort claims against the government." Id. at 742.

As relevant here, the FTCA's statute of limitations provides that a tort claim against the United States "shall be forever barred . . . unless action is begun within six months after the date of mailing . . . of notice of final denial of the

2

claim by the agency to which it was presented." 28 U.S.C.A. § 2401(b) (West 2006 & Supp. 2012). Failure to file a complaint within the limitations period warrants dismissal of the suit. Gould, 905 F.2d at 742 (listing cases dismissing FTCA suits for failure to comply with the statute of limitations); accord Houston v. U.S. Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987) (holding that § 2401(b)'s requirements are jurisdictional and that "[e]quitable considerations that may waive or toll limitations periods in litigation between private parties do not have that same effect when suit is brought against the sovereign").

After review of the record and the parties' briefs, we conclude that the district court did not reversibly err in dismissing Zander's complaint based on her failure to file it within the relevant six-month limitations period. Giving effect to the plain language of § 2401(b) understood in accordance with its ordinary meaning, Smith v. United States, 508 U.S. 223, 228 (1993), we conclude after applying standard dictionary definitions that the district court correctly determined that the "date of mailing" of the notice finally denying Zander's administrative claim was March 16, 2009. We reject as unpersuasive Zander's argument that the "date of mailing" encompasses the date on which the notice finally denying Zander's claim was re-sent to her attorney — April 8, 2009. The

adjective "final" refers not to the position of the mailing as the second or last in a series, as Zander suggests, but, rather, to the type of claim denial issued by the agency under "the most natural grammatical reading of" § 2401(b), a reading that "gives effect to the logical sequence of the language used." In re Bateman, 515 F.3d 272, 277, 280 n.12 (4th Cir. 2008) (internal quotation marks omitted).

Our conclusion is also buttressed by the fundamental canon of statutory construction that limiting or qualifying words or phrases ordinarily are confined to the last antecedent. Id. at 277-78. "Absent an expression of contrary congressional intent, the failure to apply this canon flies in the face of common sense in grammar hardened into law." Nat'l Coal. for Students with Disabilities Educ. & Legal Def. Fund v. Allen, 152 F.3d 283, 288 n.6 (4th Cir. 1998) (internal quotation marks omitted). Here, the word "final" in § 2401(b) is antecedent to the word "notice," and Zander does not suggest there is anything in the text of the FTCA or in its legislative history tending to show that the word "final" was meant to modify the phrase "date of mailing."

We reject Zander's argument urging the adoption of April 8, 2009 as the "date of mailing" on the premise that this construction best comports with the FTCA's purpose of ensuring that claimants receive effective notice of the denial of their

claims. This argument improperly seeks "enlarge[ment of] that consent to be sued which the Government, through Congress, has undertaken so carefully to limit." Berti v. V.A. Hosp., 860 F.2d 338, 340 (9th Cir. 1988) (internal quotation marks omitted); accord Gould, 905 F.2d at 742 ("Section 2401(b) represents a deliberate balance struck by Congress whereby a limited waiver of sovereign immunity is conditioned upon the prompt presentation of tort claims against the government."). We further reject as lacking in principled explanation Zander's argument that reversal of the district court's judgment is warranted in light of the timely submission of her administrative claim, the nearly five-year administrative pendency of the claim, and Defendant's motions practice in the district court.

As March 16, 2009 was the date of mailing, Zander had up to and including September 16, 2009 to file suit in the district court in a timely manner. Zander, however, did not file her suit until October 8, 2009. As her action was untimely, the district court properly dismissed it. Gould, 905 F.2d at 741.

With respect to the district court's denial of Zander's motion seeking an evidentiary hearing, we conclude after review of the record and the parties' briefs that the district court did not abuse its discretion in rejecting

5

Zander's request for a hearing.  Accord Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) (noting that a district court may consider evidence "by affidavit, depositions or live testimony" in disposing of a Rule 12(b)(1) motion).  Zander's motion did not raise a dispute of fact with any material relevance to the jurisdictional question before the district court.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED