## WALLIS et al. v. UNITED STATES.
### Civ. No. 239.

United States District Court
E. D. North Carolina, Fayetteville Division.
Jan. 14, 1952.

Terry Sanford, Fayetteville, N. C., for plaintiff.

Charles P. Green, U. S. Atty., Logan D. Howell, Asst. U. S. Atty., Raleigh, N. C., for defendant.

GILLIAM, District Judge.

This action is brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346,

2671 et seq., to recover the sum of $1,153.00 alleged to be the total loss of plaintiff Mrs. Severn T. Wallis, caused by defendant's negligence in its storage of certain furniture belonging to her. The damage was discovered on November 8, 1947, and the suit was commenced in the name of Mrs. Wallis on October 29, 1948, subsequent to Mrs. Wallis' having been fully compensated for her loss by her insurance carrier, the plaintiff Security Company of New Haven.

On August 24, 1950, the defendant secured an order making the Security Insurance Company of New Haven a party plaintiff. On September 27, 1951, the Security Insurance Company of New Haven entered the suit by means of an amended complaint. And on October 9, 1951, the defendant filed its amendatory motion to dismiss the action with respect to the Security Insurance Company of New Haven on the ground that the statute of limitations had run prior to the filing of the amended complaint.

■ From the above facts it is clear that the plaintiff Security Insurance Company of New Haven is the real party in interest, and Mrs. Wallis is merely a nominal plaintiff. My conclusion is that the addition of the said real party to the nominal plaintiff subsequent to the running of the statute of limitations relates back to the commencement of the action and that, therefore, the action is not barred by the statute of limitations.

■ The rationale of "relation back" is well expressed in McDonald v. Nebraska, 8 Cir., 1900, 101 F. 171, 178. "A defendant has an undoubted right to insist that the person entitled to recover on a cause of action set forth in a petition shall be brought on the record as the plaintiff in the action, to the end that he shall not be compelled to respond twice to the same demand; and that the one suit shall bar all others for the same cause of action. But it has come to be the settled law that where, either by mistake of law or fact, a suit is brought in the name of a wrong party, the real party in interest, entitled to sue upon the cause of action declared on, may be substituted as plaintiff, and the defendant derives no benefit whatever from such mistake; but the substitution of the name of the proper plaintiff has relation to the commencement of the suit, and the same legal effect as if the suit had been originally commenced in the name of the proper plaintiff."

The above rationale is peculiarly suited to the circumstances of the instant case. This action was commenced by the subrogee insurance company in the name of Mrs. Wallis in October of 1948, and at that time there was a decided conflict of decisions in the several federal circuits as to whether or not a subrogee could sue the United States under the Federal Tort Claims Act. The insurance company was proceeding along the line of least resistance, for in prior cases the government had resisted suits in the name of the subrogee on the basis of the Anti-Assignment statute.

More than a year subsequent to the bringing of this action the United States Supreme Court granted certiorari for the express purpose of resolving the aforesaid split of decisions in the federal circuits, and the court held there, United States v. Ætna Casualty & Surety Co., 1949, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, that a subrogee that had paid the entire loss of the insured was the real party in interest and was the proper plaintiff under the Tort Claims Act. Thereafter, the defendant in the instant case moved to have the insurance company joined as plaintiff and upon the filing of the amended complaint by the insurance company the defendant immediately moved to have the action dismissed on the part of the insurance company because the statute of limitations had run prior to the requested joinder.

The position of the defendant is an unconscionable one in view of the fact that the defendant had been aware throughout that Mrs. Wallis had been fully compensated and that the initial action was brought for the benefit of the subrogee company. Each party was at all times fully aware of the rights and claims of every other party. Under these circumstances the application

of the statute of limitations to bar the effective joinder of the insurance company is entirely out of keeping with the fundamental purpose of limitations of actions. As was said by Mr. Justice Holmes, speaking for the Supreme Court in New York Cent. & H. R. R. Co. v. Kinney, 1922, 43 S.Ct. 122, 123, 260 U.S. 340, 67 L.Ed. 294: "Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."

The instant case is not, on its facts, materially different from Weldon v. United States, 1 Cir., 1933, 65 F.2d 748. There, the action was brought by a fully compensated subrogor and the Court permitted the real party in interest subrogee to be substituted as plaintiff subsequent to the running of the statute of limitations. True, within the text of the complaint in that action it was made clear that the action was brought for the benefit of the subrogee, though in the name of the subrogor; however, I cannot see that that single circumstance materially distinguishes that case from the instant one. The principle of informing the defendant as to the party for whom the action is brought is common to both cases, though in the instant case the information was gained outside of pleadings.

Similarly, in Wilton v. Radish, 1944, 267 App.Div. 970, 47 N.Y.S.2d 824, the Court permitted the substitution of the real party in interest subrogee as plaintiff subsequent to the running of the statute; and there, as here, the initial complaint did not specifically state for whose benefit the action was brought. Also, the pertinent New York statute, as does Federal Rule 17(a), 28 U.S.C.A., provides that every cause shall be brought in the name of the real party in interest.

"Relation back" has also been permitted with regard to new parties; the statute of limitations being pleaded in bar, where the real party in interest trustee has sought to be substituted for a bankrupt who brought the action after the appointment of such trustee. Van der Stegan v. Neuss, Hesslein & Co., 1936, 270 N.Y. 55, 200 N.E. 577, 105 A.L.R. 605; Hoffman v. United States, D.C.S.D.N.Y., 1940, 32 F.Supp. 939.

In conclusion, I am not disposed to permit a tenuous position to nullify a substantive right of plaintiff where all parties have been fully advised from the outset, and where the merit of the pleading issue was questionable without the outside aid of the decision of a separate tribunal, handed down during the pendency of the instant cause.