MeMILLIN, C.J.,
CONCURRING:
¶ 16. I concur in the result reached by my colleagues. It appears to me, however, that there is a more direct route to reach the proper result in this case. Mississippi Rule of Civil Procedure 17(a) says, in pertinent part, that “[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ... joinder ... of, the real party in interest; and such ... joinder ... shall have the same effect as if the action had been commenced in the name of the real party in interest.” M.R.C.P. 17(a).
¶ 17. The Crabbs, by filing suit seeking recovery of all damages flowing from the destruction of their home were actually advancing two distinct claims. They were seeking recovery of (a) sums that were properly due to Farm Bureau by virtue of its right of subrogation, and (b) those sums due solely to them for damages not covered by insurance. Unquestionably, the Crabbs were not the proper parties to pursue Farm Bureau’s claim, but the ultimate joinder of Farm Bureau — even if not accomplished as promptly as the Crabbs might have liked — was the proper remedy for this defect by virtue of the previously quoted provisions of Rule 17(a).
¶ 18. There is no authority for the proposition advanced by the Crabbs that, when the suit is originally commenced by the wrong party, the joinder of the proper party must be accomplished before the statute of limitations runs on the claim sued upon. Rule 17(a) states quite plainly to the contrary when it says that the join-der of Farm Bureau in this suit has “the same effect as if the action had been commenced in the name of [Farm Bureau].” M.R.C.P. 17(a). Since the suit was commenced against Rebel Gas within the three year limitation period even though Farm Bureau was not a party at the time, there can be no argument that Farm Bureau’s ultimate joinder as the real party in interest to at least a portion of the claim against Rebel Gas was time-barred.
¶ 19. Even without the direction given in Rule 17(a), it would appear that generally prevailing principles of law would compel the same result. In 1952, for example, the United States District Court for the Eastern District of North Carolina considered a case where a suit had been commenced in the name of the fully-compensated in *608 sureds, rather than the subrogated insurance company. Wallis v. United States, 102 F.Supp. 211 (E.D.N.C.1952). It was later determined that the law of the jurisdiction required the suit to be brought in the name of the insurance company. The insurance company was substituted as party plaintiff and the company filed an amended complaint directly asserting its claim. Id. at 212. The defendant moved to dismiss the suit because the statute of limitations had run prior to the substitution of the insurance company as party plaintiff. That court, quoting from McDonald v. Nebraska, 101 F. 171 (8th Cir.1900), said that
it has come to be the settled law that where, either by mistake of law or fact, a suit is brought in the name of a wrong party, the real party in interest, entitled to sue upon the cause of action declared on, may be substituted as plaintiff, and the defendant derives no benefit whatever from such mistake; but the substitution of the name of the proper plaintiff has relation to the commencement of the suit, and the same legal effect as if the suit had been originally commenced in the name of the proper plaintiff.
Id. at 212 (quoting McDonald v. Nebraska, 101 F. 171, 178 (8th Cir.1900)).
¶20. In this case, it is not even the defendant who seeks to avoid the insurance company’s claim. Rather, it is the insureds, who, having seen damages recovered from Rebel Gas that include amounts already paid to them by Farm Bureau, now seek to retain all of the judgment, thereby enjoying a double recovery for a significant portion of their fire loss. Such an assertion is, it seems to me, an unconscionable proposition on its face. If, in fact, that part of the claim against Rebel Gas belonging to Farm Bureau were barred by the statute of limitations, the proper result would be to determine that portion of the judgment and refund it to Rebel Gas, rather than to permit the Crabbs to enjoy an unmerited windfall.
SOUTHWICK, P.J., PAYNE AND THOMAS, JJ., JOIN THIS SEPARATE WRITTEN OPINION.