**PENN MILLERS INSURANCE COMPANY, as Subrogee of S & C Construction Co. and Garland Farm Supply, Plaintiff,**

v.

**UNITED STATES of America, Department of Defense, Department of the Army, Defendants.**

No. 5:06–CV–16–D(3).

United States District Court,
E.D. North Carolina.
Western Division.

Jan. 18, 2007.

John E. Spainhour, McAngus, Goude-lock & Courie, PLLC, Charlotte, NC, for S & C Construction Company doing business as Garland Farm Supply, Penn Millers Insurance Company as subrogee of S & C Construction Co. and Garland Farm Supply Co., Plaintiffs.

Joshua B. Royster, U.S. Department of Justice, Raleigh, NC, for United States of America, Department of Defense, Department of the Army, Defendants.

## ORDER

DEVER, District Judge.

Justice Holmes wrote for a unanimous Supreme Court that "[m]en must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued those conditions must be complied with." *Rock Island, A. & L.R. Co. v. United States*, 254 U.S. 141, 143, 41 S.Ct. 55, 65 L.Ed. 188 (1920). In this Federal Tort Claims Act ("FTCA") action, the United States has filed a motion to reconsider this court's August 30, 2006, order, and alternatively moved to dismiss plaintiff's amended complaint. Essentially, the United States contends that each plaintiff (both the original one and the substituted one) failed to "turn square corners" in connection with the FTCA; therefore, the action must be dismissed.

In the court's August 30 order, the court granted plaintiff S & C Construction Company, d/b/a Garland Farm Supply's ("S & C Construction") motion to amend its complaint. In the motion to amend, S & C Construction sought to add or substitute "Penn Millers Insurance Company, as subrogee of S & C Construction Co. and Garland Farm Supply Co." (hereinafter "Penn Millers") as plaintiff. The court permitted the substitution of Penn Millers as plaintiff and also held that the amended complaint related back to the date on which the original complaint was filed.

Upon reflection and having heard oral argument on January 4, 2007, both the original and the substituted plaintiff did not comply with the FTCA. Under the FTCA, the non-compliance precludes subject matter jurisdiction. Thus, the motion to reconsider is granted, the motion to dismiss the amended complaint is granted, and the action is dismissed. Because the action is dismissed, the United States' second motion to stay discovery is denied as moot.

## I.

S & C Construction entered into a contract with the Department of the Army to perform certain work on Fort Bragg. Compl. ¶ 4. In performing the contract, S & C Construction placed two pieces of large construction equipment on Fort Bragg. *Id.* ¶ 5. On or about April 26, 2004, the Army performed bombing exercises near where S & C Construction had placed its equipment. *Id.* ¶ 6. "As a result of the bombing exercises, the defendant set fire to the forest in which [S & C Construction's] construction equipment ... was parked and the fire destroyed [the] equipment." *Id.* S & C Construction claims that it was damaged in the amount of approximately $96,419.60. *Id.* ¶ 8. S & C Construction alleges that the United States is liable under the FTCA and the Military Claims Act and that S & C Construction complied with all statutes of limitations in filing this action. *Id.* ¶ 11.

The complaint does not mention exhaustion of administrative remedies. In its opposition to the motion to dismiss, S & C Construction described the administrative process as follows. *See* S & C Constr. Resp. in Opp. to Mot. to Dismiss 2–4. On April 30, 2004, the Department of the Army responded to S & C Construction's request for a torts packet. *Id.*, Ex. A. The Army's letter stated, "you have two years from the date of the incident to file your claim." *Id.* On January 24, 2005, the Army responded to Penn Millers Insurance Company's request for a torts packet. *Id.*, Ex. B. The Army's letter stated, "you have two years from the date of the incident to file your claim." *Id.*

On April 8, 2005, Penn Millers Insurance Company sent the Army an administrative claim. *Id.*, Ex. C. The claim contained a Standard Form 95 and identified "Penn Millers Insurance Company" as the claimant. *Id.*, Ex. C, Box 2. The Standard Form 95 identified "Garland Farm Supply

(S & C Construction Company)" as the "NAME AND ADDRESS OF THE OWNER, IF OTHER THAN THE CLAIMANT." *Id.*, Ex. C, Box 9. The amount of the claim was $96,419.06. *Id.*, Ex. C, Box 12a, 12d. The claim did not state that Penn Millers Insurance Company was an agent or legal representative of S & C Construction.

On April 20, 2005, the Army wrote Penn Millers Insurance Company and stated that "[y]our claim was received on April 19, 2005, and has been designated claim number 05–301–T114. Your claim will be processed under the Federal Tort Claims Act (28 U.S.C. §§ 2671–2680)." *Id.*, Ex. D.

On July 6, 2005, the Army notified Penn Millers Insurance Company of its "final administrative action on the tort claim you filed against the United States in the amount of $96,419.06 . . . ." *Id.*, Ex. E. The Army's letter described the subject of the letter as "Claim of Penn Millers Insurance Company as subrogee of S & C Construction Company, 05–301–T114." *Id.*, Ex. E. In the letter, the Army denied the claim under the Military Claims Act (10 U.S.C. § 2733) and the FTCA. *Id.*, Ex. E. The Army sent the letter on July 6, 2005, by certified mail, return receipt requested. Rouse Decl. ¶ 2 (1/4/07). Penn Millers Insurance Company received the letter on July 11, 2005.

On August 10, 2005, Penn Millers' counsel wrote the Army "on behalf of Penn Millers Insurance Company to appeal the administrative action letter denying our claim." S & C Constr. Resp. in Opp. to Mot. to Dismiss, Ex. F. The Army treated that letter as a request for reconsideration under 32 C.F.R § 536.80 or 28 C.F.R. § 14.9(b). *See* Rouse Decl. ¶ 3 (1/4/07). On October 31, 2005, Penn Millers' counsel again wrote the Army concerning its appeal of the letter denying "Penn Millers Insurance Company's subrogation claim." S & C Constr. Resp. in Opp. to Mot. to

Dismiss, Ex. H. In that letter, Penn Millers Insurance Company's counsel stated that if Penn Millers Insurance Company did not receive payment by November 23, 2005, then it would file suit. *Id.* The Army did not respond to either letter.

On January 11, 2006, "S & C Construction Company, d/b/a Garland Farm Supply" filed suit against the United States. In the complaint, S & C Construction sought $96,419.06, plus costs, interests, and attorneys' fees. Compl., Prayer for Relief. S & C Construction also sought punitive damages for the defendant's "reckless and willful disregard of the rights and safety of others pursuant to North Carolina General Statute § 1D–5 et seq." *Id.* The complaint does not mention Penn Millers Insurance Company.

On February 20, 2006, S & C Construction's counsel (who is also counsel for Penn Millers Insurance Company) sent a certified letter, return-receipt requested, to the U.S. Attorney for the Eastern District of North Carolina. The letter stated: "This law firm represents plaintiff in this action. Enclosed for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure, I am serving you with the enclosed Summons and Complaint for the above-referenced action". The "RE:" line in the letter said: "Garland Farm Supply, Inc. and Penn Millers Insurance Company v. U.S. Department of Defense." S & C Const. Resp. in Opp. to Mot. to Dismiss, Ex. I. The "RE:" line also referenced "15–301–T114" and identified the "Date of Incident" as "April 26, 2004." *Id.*, Ex., I.

On April 25, 2006, the United States moved to dismiss the action for lack of subject matter jurisdiction. The United States argued that S & C Construction never filed an administrative claim with the Department of the Army; therefore, this court lacked subject matter jurisdiction under the FTCA. *See* Gov't Mem. in Support of Mot. to Dismiss 2–4; 28 U.S.C.

§ 2675(a) ("An action shall not be instituted upon a [negligence] claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency ...."). S & C Construction responded that it satisfied the FTCA's administrative exhaustion requirement when Penn Millers Insurance Company, as subrogee of S & C Construction, submitted a tort claim to the Department of the Army relating to the destroyed equipment. S & C Const. Resp. in Opp. to Mot. to Dismiss 2–6; *see* Ex. E. Defendant replied that because S & C Construction had filed suit, then S & C Construction (rather than Penn Millers Insurance Company) had to have filed an administrative claim in order to satisfy 28 U.S.C. § 2675(a). *See* Gov't Reply 3–8.

On July 24, 2006, pursuant to Federal Rule of Civil Procedure 15, S & C Construction moved to amend its complaint and have the amendment relate back. Specifically, S & C Construction moved to add or substitute "Penn Millers Insurance Company, as subrogee of S & C Construction Co. and Garland Farm Supply Co." as party-plaintiff in this action. S & C Constr. Mot. to Amend. 1.

On August 30, 2006, the court granted S & C Construction's motion. The court noted that plaintiff could amend its complaint as a matter of course because defendant had not yet filed a responsive pleading.

*See S & C Construction Co. v. United States*, No. 5:06–CV–16–D(3), Order at 2–3 (E.D.N.C. Aug. 30, 2006) (discussing Fed. R.Civ.P. 15(a)). Accordingly, "Penn Millers Insurance Company, as subrogee of S & C Construction Co. and Garland Farm Supply Co." was substituted as the party-plaintiff in the action effective August 30, 2006. *Id.* at 3. Further, the court analyzed Rule 15(c)(3) and held that the amendment related back to the date on which the original complaint was filed. *Id.* at 3–5.

On October 3, 2006, the United States filed a motion to reconsider and, alternatively, to dismiss the amended complaint. The government contends that this court lacked subject matter jurisdiction under 28 U.S.C. § 2675(a)[1] over S & C Construction's complaint and thereby lacked the power to permit the complaint to be amended or to permit the amended complaint with the substituted plaintiff to relate back to the date of the original complaint. The premise of this argument is that S & C Construction never filed an FTCA claim. Alternatively, the government contends that even if the court had the power to permit the filing of the amended complaint, relation back is not appropriate under Rule 15(c)(3) of the Federal Rules of Civil Procedure. If the amended complaint does not relate back to January 11, 2006, the six-month statute of limitations in 28 U.S.C. § 2401(b) bars Penn Millers' amended complaint.[2]

---

**1.** 28 U.S.C. § 2675(a) states:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to

make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

**2.** The Army denied Penn Millers Insurance Company's claim on July 6, 2005. The Army complied with 28 U.S.C. § 2675(a), 28 U.S.C. § 2401(b), and 28 C.F.R. § 14.9(a) and

## II.

The United States' motion to reconsider requires the court to examine the FTCA, 28 U.S.C. § 2401(b), and Rule 15 of the Federal Rules of Civil Procedure. The court has discretion to reconsider its earlier decision, particularly in light of a recent Fourth Circuit case interpreting Rule 15(c)(3). As Justice Frankfurter once observed, "[w]isdom too often never comes, and so one ought not to reject it merely because it comes late." *Henslee v. Union Planters Nat. Bank & Trust Co.*, 335 U.S. 595, 600, 69 S.Ct. 290, 93 L.Ed. 259 (1949) (Frankfurter, J., dissenting).

The FTCA permits a claimant to sue the United States for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ...." 28 U.S.C. § 2675(a). The FTCA is a waiver of the United States' sovereign immunity. *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). Courts should not extend the waiver that Congress intended or narrow it. *Id.* at 118, 100 S.Ct. 352; *Andrews v. United States*, 441 F.3d 220, 223 (4th Cir.2006). Nonetheless, "experience teaches that strict adherence to the procedural require-

ments specified by the legislature is the best guarantee of the evenhanded administration of the law." *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (quotations omitted) (discussing FTCA).

■ A claimant must meet certain prerequisites before filing an action under the FTCA. First, "the claimant shall have ... presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a); *Kubrick*, 444 U.S. at 119 n. 6, 100 S.Ct. 352; *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990); *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986). The requirement to file an administrative claim is jurisdictional and may not be waived. *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir.2000); *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir.1994); *Plyler*, 900 F.2d at 42; *Henderson*, 785 F.2d at 123.

■ The time requirements for filing an administrative claim and filing an action are in 28 U.S.C. § 2401(b). Section 2401(b) states:

---

mailed the denial letter by certified mail, return receipt requested. *See* Rouse Decl. ¶ 2 & Ex. A (1/4/07). On August 10, 2005, Penn Millers (through counsel) requested reconsideration. This timely request for reconsideration provided the Army "6 months from the date of filing in which to make a final disposition of the claim[.][T]he claimant's option under 28 U.S.C. § 2675(a) shall not accrue until 6 months after the request for reconsideration." 28 C.F.R. § 14.9(b).

The Army did not send a response to the request for reconsideration; therefore, Penn Millers' six-month limitations period accrued—at the latest—on February 11, 2006. *See Moya v. United States*, 35 F.3d 501, 503 (10th Cir.1994) ("If unsatisfied with the resolution of the request for reconsideration, a claimant has six months from the date of

filing the request to bring suit in district court."); *State Farm Mut. Auto. Ins. Co. v. United States*, 326 F.Supp.2d 407, 415–17 (E.D.N.Y.2004). The Army's failure to respond to the request for reconsideration does not alter this conclusion. *See Bond v. United States*, 934 F.Supp. 351, 353–56 (C.D.Cal. 1996).

On January 11, 2006, S & C Construction filed suit and then filed a motion to amend on July 24, 2006. The court did not grant the motion to amend until August 30, 2006. On that date, Penn Millers was substituted as plaintiff. August 30, 2006, however, is outside the six-month limitations period described in 28 U.S.C. § 2401(b). January 11, 2006, is within the six-month limitations period.

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless the action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

These time requirements are jurisdictional and may not be waived. *See, e.g., Kontrick v. Ryan*, 540 U.S. 443, 453 n. 8, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004); *Kubrick* 444 U.S. at 117–18, 100 S.Ct. 352; *Ahmed,* 30 F.3d at 516–17; *Gould v. United States Dept. of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir.1990) (en banc).[3]

Rule 15(a) states, in part, that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ...." Fed. R.Civ.P. 15(a). Rule 15(c) states:

An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of subparagraphs (A) and (B) of this paragraph (3) with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Fed.R.Civ.P. 15(c). Although textually Rule 15(c) does not appear to apply to a plaintiff's motion to amend a complaint, every circuit court to address the issue has held that Rule 15(c) applies to a plaintiff's motion to amend its complaint. *See, e.g., Plubell v. Merck & Co., Inc.*, 434 F.3d 1070, 1072 (8th Cir.2006); *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1131–32 (11th Cir.2004); *Young v. Lepone*, 305 F.3d 1, 14 (1st Cir.2002); *SMS Fin., Ltd. Liab. Co. v. ABCO Homes, Inc.*, 167 F.3d 235, 244–45 (5th Cir.1999); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir.1997); *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir.1996); *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014–15 (3d Cir.1995); *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1308–09 (D.C.Cir.1982); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 609 n. 3, 614 (4th Cir.), *cert. dismissed,* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980); *Staren v. Am. Nat'l Bank & Trust Co.*, 529 F.2d 1257, 1263–64 (7th Cir.1976);

---

**3.** Not every statute of limitations affects subject matter jurisdiction. *See, e.g., Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 652–56 (4th Cir.2006). However, the FTCA's statute of limitations does. *See Kontrick*, 540 U.S. at 453 n. 8, 124 S.Ct. 906; *Kubrick*, 444 U.S. at 117–18, 100 S.Ct. 352; *Gould*, 905 F.2d at 741.

*Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir.1973); *Brauer v. Republic Steel Corp.*, 460 F.2d 801, 804 (10th Cir. 1972).[4] The chief justification for applying Rule 15(c) to a motion to amend is found in the Advisory Committee Notes to the 1966 amendment to Rule 15(c), which state: "The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendant extends by analogy to amendments changing plaintiffs." Fed.R.Civ.P. 15(c) advisory committee's note (1966 Amendment).

### III.

### A.

Initially, the court addresses the government's argument that this court "lacked subject matter jurisdiction" over S & C Construction's complaint because S & C Construction never filed an administrative claim. Gov't Mem. of Law in Supp. of Mot. to Reconsider 9. Based on S & C Construction's failure to file an administrative claim, the government contends that this court "never had the power to consider any part of the case, including whether to allow an amendment substituting a plaintiff or whether such an amendment related back to the filing of the complaint." *Id.; see* 28 U.S.C. § 2675(a).

◼ The government's argument hinges on whether S & C Construction ever filed an administrative claim. Under the FTCA's administrative scheme, the insured and its insurance company may file a claim jointly or individually. 28 C.F.R. § 14.3(d); 32 C.F.R. § 536.5(b)(2). This rule makes sense because an insured and an insurance company may have different losses. For example, an insured may be liable to pay a certain deductible, or an insured may only have insurance for a portion of a loss. Thus, an insured and its insurance company may file separate administrative claims. *See* 28 C.F.R. § 14.3(d). Moreover, if there are multiple claimants in a matter, "each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim, unless another is legally entitled to assert such a claim on their behalf." *Muth v. United States*, 1 F.3d 246, 249 (4th Cir.1993) (quotation omitted).

In this case, on April 30, 2004, the Army (in response to S & C Construction's request) forwarded a torts packet to S & C Construction. On January 24, 2005, the Army (in response to Penn Millers Insurance Company's request) forwarded a

---

4. Some of these cases arose before Rule 15(c) was amended in 1991. Both before and after the 1991 amendment, courts have interpreted Rule 15(c) to apply to plaintiff's motion to amend its complaint. The 1991 amendment to Rule 15(c), however, has impacted the relation back analysis under Rule 15(c)(3). *See, e.g., Locklear v. Bergman & Beving AB*, 457 F.3d 363, 367–68 (4th Cir.2006).

The 1991 amendment to Rule 15(c)(3) was intended to "change the result in *Schiavone v. Fortune*, [477 U.S. 21, 106 S.Ct. 2379 (1986),] with respect to the problem of a misnamed defendant." Fed.R.Civ.P. 15(c) advisory committee's note (1991 Amendment). In *Schiavone*, the Supreme Court held that the plain language of Rule 15(c)(3) precluded relation back when notice of the suit was not given to the defendant to be added until after the limitations period had expired, even if the complaint had been served on the proposed defendant within the appropriate period for service of process. "This revision together with the revision to Rule 4(i) with respect to the failure of a plaintiff in an action against the United States to effect timely service on all the appropriate officials is intended to produce results contrary to those reached in *Gardner v. Gartman*, 880 F.2d 797 (4th Cir.1989) ...." Fed.R.Civ.P. 15(c) advisory committee's note (1991 Amendment).

torts packet to Penn Millers Insurance Company. Penn Millers Insurance Company submitted its own claim. *See* S & C Constr. Resp. in Opp. to Mot. to Dismiss, Ex. E. At oral argument, plaintiff's counsel admitted that S & C Construction never submitted its own claim.

The difference in damages between Penn Millers Insurance Company and S & C Construction illustrates why each could file a claim. The equipment's destruction initially damaged S & C Construction in the amount of $102,684.50. *See* S & C Constr. Resp. in Opp. to Mot. to Dismiss 5. At some point, Penn Millers Insurance Company apparently paid $95,819.06 to S & C Construction under the insurance policy. The difference in these figures is due to the $500 deductible that S & C Construction paid and a reduction due to the equipment's salvage value. *Id.*, Ex. F. S & C Construction could have filed a claim for this difference, but never did. Moreover, not only could S & C Construction and Penn Millers Insurance Company each file a claim, they each could file suit so long as each filed an administrative claim. *See* 28 U.S.C. 2675(a); *United Serv. Auto. Assoc. v. United States*, 105 F.3d 185, 187 (4th Cir.1997) (the FTCA "provides specific procedures that must be followed" by claimants); *Muth*, 1 F.3d at 249. Indeed, the Supreme Court has recognized in an FTCA case involving partial subrogation that the insured and the insurance company each may sue the United States. *See United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 381–82, 70 S.Ct. 207, 94 L.Ed. 171 (1949). "The pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim." *Id.* at 382, 70 S.Ct. 207.

 "The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). Given that the FTCA's administrative exhaustion requirement is jurisdictional and that S & C Construction never filed an administrative claim, it appears that the court lacked subject matter jurisdiction over S & C Construction's complaint. *See id.* at 830–31, 109 S.Ct. 2218 (court may not use 28 U.S.C. § 1653 or any other means to sustain a federal cause of action when the court has no subject matter jurisdiction over the original complaint);[5] *Advani Enters. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir.1998); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985). Thus, it appears that this court lacked authority to grant S & C Construction's motion to amend. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (subject matter jurisdiction provides a court its au-

---

**5.** In *Newman–Green*, the Supreme Court held that appellate courts possess authority to dismiss dispensable defendants who spoil diversity jurisdiction, although "such authority should be exercised sparingly." *Newman–Green*, 490 U.S. at 837, 109 S.Ct. 2218. In reaching this conclusion the Court analyzed Rule 21 of the Federal Rules of Civil Procedure. Rule 21 provides: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed.R.Civ.P. 21. The Court noted that Rule 21 authorizes district courts "to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman–Green*, 490 U.S. at 832, 109 S.Ct. 2218 (footnote omitted). Thus, a district court has the power under Rule 21 to cure an actual defect in its subject matter jurisdiction by dropping a dispensable nondiverse party. *See id.; C.L. Ritter Lumber Co. v. Consolidation Coal Co.*, 283 F.3d 226, 229–30 (4th Cir.2002).

thority to act); *United States v. Hartwell*, 448 F.3d 707, 714 (4th Cir.2006) (same); *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir.2000) (Rule 15(a) permits an amendment to cure a technical failure to inform the court of an existing basis for subject matter jurisdiction, but Rule 15(a) does not permit the creation of subject matter jurisdiction retroactively where it did not previously exist).

Plaintiff has not cited any cases where a court has interpreted Rule 15(a) to allow a party to cure an actual defect in the court's subject matter jurisdiction by granting a motion to amend a complaint to substitute one plaintiff for another plaintiff and thereby create subject matter jurisdiction. Of course, a distinction appears to exist between a court granting a motion to amend a complaint and a party who amends a complaint "as a matter of course" under Rule 15(a). In the latter scenario, a court is not granting a motion to amend. Rather, a party effects such an amendment "as a matter of course" simply by filing an amended complaint. *See* Fed. R.Civ.P. 15(a).

In this case, when S & C Construction filed its motion to amend, the United States had not served a responsive pleading. *See Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1068 n. 1 (4th Cir.1993) ("A motion to dismiss is not a responsive pleading for the purposes of Rule 15(a)."). Accordingly, Rule 15(a) may have permitted S & C Construction to amend its complaint "as a matter of course" to substitute Penn Millers so long as the amended complaint was filed within the six-month window of 28 U.S.C. § 2401(b). *See* Fed.R.Civ.P. 15(a); *cf. McGuire v. Turnbo*, 137 F.3d 321, 325 (5th Cir.1998) (applying Rule 15(a) to FTCA claim).[6] S & C Construction did not, however, file an amended complaint substituting Penn Millers within the sixth-

month window of 28 U.S.C. § 2401(b). Rather, S & C Construction filed a motion to amend outside the six-month window. Moreover, by the time the court granted the motion to amend, the six-month window remained closed.

The court need not resolve whether Rule 15(a) (on different facts) would have permitted S & C Construction to cure "as a matter of course" the actual defect in this court's subject matter jurisdiction that arose due to S & C Construction's failure to file an administrative claim. In this case, the court lacked subject matter jurisdiction to grant S & C Construction's motion to amend its complaint under Rule 15(a) to substitute Penn Millers as the plaintiff. *See Hartwell*, 448 F.3d at 714 ("If the district court lacked subject-matter jurisdiction, it never had the power to consider any part of the case, including motions ...."); *Whitmire*, 212 F.3d at 888; *see also Gould*, 905 F.2d at 742 ("[F]ederal courts with few exceptions have dismissed [FTCA] complaints where a plaintiff failed to file a claim with the appropriate federal agency within the two-year limitations period ...."). Further, even assuming that the court possessed the power to grant S & C Construction's motion to amend, the court still would have to determine whether the amended complaint deemed filed on August 30, 2006, relates back under Rule 15(c)(3) to January 11, 2006.

## B.

In arguing that the amended complaint should not relate back to January 11, 2006, the United States focuses on the jurisdictional nature of the six-month deadline in 28 U.S.C. § 2401(b) and a recent Fourth Circuit case applying Rule 15(c)(3). *See* Gov't Mem. of Law in Supp. of Mot. to Reconsider 4–8; Gov't Reply to Pl.'s Resp. to Mot. to Reconsider 3–4 (discussing

6. The United States conceded this point during oral argument.

*Locklear v. Bergman & Beving AB,* 457 F.3d 363 (4th Cir.2006)). If the amended complaint does not relate back, then "Penn Millers Insurance Company, as subrogee of S & C Construction Co. and Garland Supply Co." may not proceed because its August 30, 2006, amended complaint failed to meet the six-month deadline in 28 U.S.C. § 2401(b).

■■■ Under Rule 15(c)(3), amendments adding defendants are permitted where the following criteria are met: (1) the claim or defense asserted in the amended pleading arises from the same conduct, transaction, or occurrence set forth in the original pleading; (2) the new defendant named must have received adequate notice in order to avoid prejudice; (3) the new defendant must have known, or should have known, that the action would have been brought against it but for a mistake; and (4) the notice and "should have known" factors must be satisfied within the period prescribed for service of process. *See Locklear,* 457 F.3d at 365–66. Where a new plaintiff is added or substituted, the same conduct, transaction, or occurrence originally alleged as a basis for the action must be relied upon by the substituted plaintiff. Moreover, (1) there must be a sufficient identity of interest between the new plaintiff, the old plaintiff, and their respective claims so that the defendant can be said to have received adequate notice of the latecomer's claim against the defendant so as to avoid prejudice; and (2) the defendant must have known or should have known that the new plaintiff would have brought the action against it but for a mistake concerning the identity of the proper party. *See, e.g., Young,* 305 F.3d at 14; *Nelson,* 60 F.3d at 1014–15.

The parties agree that Penn Millers relies on the same conduct, transaction, or occurrence as did S & C Construction. The parties dispute, however, whether the United States received adequate notice to avoid prejudice and whether the United States knew, or should have known, that Penn Millers would have sued the United States in the original complaint but for a mistake concerning the identity of the proper party. The United States contends that S & C Construction's alleged "mistake" in the complaint is not the type of "mistake" encompassed by Rule 15(c)(3)(B) and cites *Locklear v. Bergman & Beving AB,* 457 F.3d 363 (4th Cir.2006). *See* Gov't Reply to Pl.'s Resp. to Mot. to Reconsider 4. Additionally, the United States contends that it did not receive adequate notice so as to avoid prejudice.

Initially, the court analyzes the issue of mistake. In *Locklear,* plaintiff sought to amend his complaint by replacing defendant Hassleholms with two defendants named Luna and Bergman. *See Locklear,* 457 F.3d at 364. The amendment related to the same conduct, transaction, or occurrence as in the original complaint. The dispute was about notice and mistake under Rule 15(c)(3). If the amended complaint related back, the claims against Luna and Bergman would proceed. If not, Maryland's three-year statute of limitations would bar the claims. Pursuant to Rule 15(a), plaintiff amended the complaint before a responsive pleading was served. *See id.* After plaintiff served the amended complaint on the two new defendants, Luna and Bergman moved to dismiss the amended complaint and argued that Maryland's three-year statute of limitations barred the claims against them. The district court held that the amendment did not relate back under Rule 15(c)(3) and dismissed the claims. The Fourth Circuit affirmed. *See id.* at 364–68.

In analyzing Rule 15(c)(3), the Fourth Circuit noted that plaintiff's amended complaint "satisfies the first requirement of Rule 15(c)(3) because it simply adds the names of newly-discovered defendants

without altering the underlying cause of action stated in the original complaint." *Id.* at 365–66. Thus, the Fourth Circuit focused on "the application of Rule 15(c)(3)'s remaining requirements to Locklear's amended complaint, beginning with the requirement that Luna and Bergman 'knew or should have known that, but for a mistake concerning' their identity, the action would have been brought against them." *Id.* at 366 (quoting Fed.R.Civ.P. 15(c)(3)).

The Fourth Circuit analyzed Rule 15(c)(3)'s language about a "mistake concerning the identity of the proper party ...." *Id.* The court "distinguished between mistake due to a lack of knowledge and mistake due to misnomer." *Id.* The court rejected a "lack of knowledge of the proper party to be sued as a 'mistake' as that term is used in Rule 15(c)(3)(B)." *Id.* (discussing *Western Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir.1989)). Thus, a defendant who has not been named in a lawsuit "by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to the person that he is the beneficiary of a mere slip of the pen[.]" *Id.* (quotations omitted).

Applying these principles to plaintiff's attempt to replace defendant Hassleholms with defendants Luna and Bergman, the Fourth Circuit held that the amendment did not correct "a 'mere slip' of the pen." *Id.* First, plaintiff's counsel did not know the names of the new defendants until after the statute of limitations expired. Second, plaintiff's position "would erode the distinction between misidentification and lack of knowledge ...." *Id.* at 367. Third, plaintiff's position would permit a plaintiff with no knowledge of the proper defendant to "file a timely complaint naming any entity as a defendant and then amend the complaint to add the proper defendant after the statute of limitations had run." *Id.* Accordingly, the Fourth Circuit concluded that the amended complaint did not relate back and that the statute of limitations barred the claims. *Id.* at 364–68.

Although *Locklear* analyzed relation back under Rule 15(c)(3) in the context of a motion to replace a defendant, *Locklear* is instructive in analyzing whether Penn Millers' amended complaint should relate back. As *Locklear* teaches, the court focuses on whether the United States "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought [by Penn Millers.]" Fed.R.Civ.P. 15(c)(3)(B). As mentioned, an insured and an insurance company each may file an FTCA claim. Likewise, each may file a complaint. "The pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others to the claim." *Aetna Casualty & Surety Co.*, 338 U.S. at 382, 70 S.Ct. 207. Accordingly, merely because S & C Construction filed a complaint does not suggest that the United States knew or should have known that but for a mistake concerning the identity of the proper party, Penn Millers would have filed suit. Moreover, S & C Construction's failure to even mention Penn Millers Insurance Company in the complaint objectively indicated to the United States that S & C Construction was seeking to sue—in its own right—for its alleged losses. S & C Construction's request for punitive damages in the complaint bolstered this view. *See* Compl. ¶¶ 7–9 & Prayer for Relief. Although punitive damages are not recoverable under the FTCA,[7] the complaint's

---

7. *See* 28 U.S.C. § 2674 (the United States "shall not be liable for ... punitive damages"); *Nagy v. FMC Butner*, 376 F.3d 252, 254 (4th Cir.2004); *Flannery v. United States*, 718 F.2d 108, 111 (4th Cir.1983).

request for punitive damages under North Carolina law (i.e., N.C.Gen.Stat. § 1D–5) for recklessly and willfully disregarding the "rights and safety of others" only makes sense as to S & C Construction. Compl., Prayer for Relief. Such a request on behalf of Penn Millers Insurance Company makes no sense.

At oral argument, plaintiff suggested that the United States should have known that Penn Millers intended to be the plaintiff in January 2006 (instead of S & C Construction) because Penn Millers' counsel threatened suit in a letter dated October 31, 2005. That letter, however, does not objectively indicate that the United States knew or should have known that S & C Construction Company mistakenly filed suit in January 2006. First, the letter preceded the lawsuit. For all the United States knew, by the time the suit was filed, Penn Millers Insurance Company had denied coverage of the insurance claim, received a refund of its insurance payment from S & C Construction, and S & C Construction was now pursuing litigation on its own behalf. Second, as mentioned, the complaint does not mention Penn Millers Insurance Company and seeks punitive damages related to S & C Construction. Filing a lawsuit is serious business. Identifying the plaintiff is the first order of business. Given that pleadings are to reveal and assert the actual interests of the plaintiff, the October 2005 letter did not objectively indicate to the United States that Penn Millers Insurance Company intended to file suit in January 2006.

At oral argument, plaintiff also suggested that the United States should have known that Penn Millers intended to be the plaintiff in January 2006 (instead of S & C Construction) because of counsel's February 20, 2006, letter to the United States Attorney concerning service of process. The court has reviewed the letter

and disagrees. In that letter, counsel wrote that his firm represented "[p]laintiff in this action." S & C Constr. Resp. in Opp. to Mot. to Dismiss, Ex. I. The plaintiff in the complaint enclosed with the letter was S & C Construction—hardly solid evidence that Penn Millers Insurance Company intended to be the plaintiff. But plaintiff's counsel cites the "RE:" line of the letter, where he wrote: "Garland Farm Supply, Inc. and Penn Millers Insurance Company v. U.S. Department of Defense 15–30 1 -T 114[,] Date of Incident: April 26, 2004." *Id.* The reference to Penn Millers Insurance Company in the "RE:" line, however, starkly contrasts with the complaint—which nowhere mentions Penn Millers Insurance Company. Given that both an insurance company and an insured may file suit under the FTCA, the reference in the "RE:" line did not put the United States on notice that Penn Millers Insurance Company intended to be the plaintiff instead of S & C Construction.

In analyzing the notion of mistake under Rule 15(c)(3), *Locklear* distinguished "misnomer" versus "lack of knowledge of the proper party." *Locklear*, 457 F.3d at 366. Although *Locklear* involved an effort to substitute defendants and have the complaint relate back and this case involves an effort to substitute a plaintiff, these concepts of "misnomer" and "lack of knowledge of the proper party" are helpful. In terms of the "knowledge of the proper party" to name as the plaintiff in an FTCA suit, a plaintiff who has filed an FTCA administrative claim simply needs to copy the claimant identified in the FTCA claim into the complaint. Even pro se litigants—much less those with counsel—are required to understand this fact. *Cf. McNeil*, 508 U.S. at 113, 113 S.Ct. 1980 ("It is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to under-

stand the [FTCA's] exhaustion requirement is virtually nonexistent."). Thus, one who files an FTCA administrative claim never "lacks knowledge" as to "the proper party" to name in the action. Of course, if a typographical mistake is made in transferring the claimant's name from the FTCA administrative claim into the complaint, a "misnomer" (i.e., a slip of the pen) may occur, and Rule 15(c)(3) may provide a remedy. *Cf. SMS Fin., Ltd. Liab. Co.*, 167 F.3d at 245 (original complaint identified plaintiff as "SMS Financial II, L.L.C."; amended complaint identified plaintiff as "SMS Financial, L.L.C."; the amendment corrected an insignificant error in plaintiff's name by deleting the erroneously inserted roman numeral).[8] On the other hand, from the perspective of the United States, when an insured files a complaint only in its own name and does not mention an insurance company who seemingly could sue on its own claim, that event is not a "misnomer." Rather, from the perspective of the United States, such a complaint would appear to be a conscious choice of the insured (but not the insurance company) to file suit and seek damages. *Cf. Garvin v. City of Philadelphia*, 354 F.3d 215, 221–22 (3d Cir.2003) ("[A]n amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named [defendants] when she filed her original complaint and simply chose not to sue them at that time."); 3 James Wm. Moore, Moore's Federal Practice—Civil § 15.19[3][d] (3d ed. 1997) ("[A] conscious choice to sue one party and not another does not constitute a mistake and is not a basis for relation back."). Even if called a "mistake," such a choice cannot be called an "insignificant" mistake, an "understandable" mistake, or a "slip of the pen." *See Locklear*, 457 F.3d at 366; *SMS Financial, Ltd. Liability Co.*, 167 F.3d at 245. Or, to use the language of

Rule 15(c)(3), such a choice is not a "mistake concerning the identity of the proper party ...." Fed.R.Civ.P. 15(c)(3).

To allow the amended complaint in this case to relate back would permit an insured or an insurance company with separate FTCA claims to fail to file an FTCA administrative claim, then name only itself in a complaint and later amend the complaint to add or substitute the proper FTCA claimant after the six-month statute of limitations had run. Given that the United States undoubtedly faces a large number of FTCA claims per year, that many such claims undoubtedly involve insurance companies, that the FTCA contains procedures that must be followed, and that the FTCA statutes of limitations are jurisdictional, the United States should not have to guess whether a new plaintiff (as here) will appear after the six-month period has expired. Although the Fourth Circuit has not addressed the precise issue present in this case, the court concludes that S & C Construction's decision to name only itself as plaintiff in the complaint does not qualify as a "mistake" under Rule 15(c)(3)(B). *See Locklear*, 457 F.3d at 366–67; *Keller v. Prince George's County*, 923 F.2d 30, 34 (4th Cir.1991); *Schieszler v. Ferrum College*, 233 F.Supp.2d 796, 802 (W.D.Va.2002).

As for whether the United States received adequate notice of Penn Millers' claim in the amended complaint so as to avoid prejudice in maintaining a defense on the merits, the Fourth Circuit has held that not receiving notice within the time frame of Rule 15(c) and thereby losing a statute of limitations defense under the FTCA is prejudicial. *See Weisgal v. Smith*, 774 F.2d 1277, 1279 (4th Cir.1985) (refusing to permit an FTCA claim to relate back under Rule 15(c)(3)); *see also*

---

**8.** The United States conceded this point at oral argument.

*Gardner v. Gartman,* 880 F.2d 797, 798 (4th Cir.1989). The Fourth Circuit reached this result, however, before the 1991 Amendment to Rule 15(c)(3). *Cf.* Fed.R.Civ.P. 15(c) advisory committee's note (1991 Amendment) (noting that the amendment was "intended to produce results contrary to those reached in *Gardner v. Gartman,* 880 F.2d 797 (4th Cir.1989) ...."). In any event, this court need not address the prejudice issue in this case because plaintiff failed to show that the United States "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought [by] the party." Fed.R.Civ.P. 15(c)(3)(B). Accordingly, because Penn Millers has not met all three requirements of Rule 15(c)(3) for relation back, Penn Millers' amended complaint does not relate back and is barred by the FTCA's six month statute of limitation. *See Locklear,* 457 F.3d at 366–67.

In reaching this conclusion, the court has considered *Smith v. United States,* No. 04–2042, 2005 WL 2572594 (W.D.Tenn. Feb.16, 2005). The United States cited this case in its motion to reconsider and the facts are remarkably similar to this case. In *Smith,* plaintiffs Osteria and Cynthia Smith filed their negligence complaint under FTCA on January 26, 2004. The United States moved to dismiss the complaint "because the Smiths allegedly failed to exhaust administrative remedies prior to filing suit." *Id.* at *1. The Smiths responded to the motion to dismiss by amending their complaint to name their subrogee State Farm as a plaintiff. *Id.* The United States then moved to dismiss the amended complaint because State Farm did not file suit within six months after the United States Postal Service mailed its denial of State Farm's administrative claim. *Id.* The *Smith* court held that

> neither the Smiths nor State Farm complied with the requirements of the

FTCA. The record shows that the Smiths never filed an administrative claim with the United States Postal Service. The record further shows that although State Farm did file a timely administrative claim, it did not file a tort action within six months after its administrative claim was denied. Accordingly, the Court lacks subject matter jurisdiction over Plaintiffs' FTCA claims against the United States.

*Id.*

Although the *Smith* court never expressly analyzed relation back under Rule 15(c)(3) as applied to the amended complaint, the *Smith* court implicitly rejected permitting the amended complaint to relate back. As in *Smith,* S & C Construction never filed an administrative claim. *Cf.* 28 U.S.C. § 2675(a). As in *Smith,* if relation back is not permitted, then Penn Millers did not begin the action within the six month period required by 28 U.S.C. § 2401(b). Thus, the court lacks subject matter jurisdiction over S & C Construction's complaint and Penn Millers' amended complaint.

## C.

In opposition to this conclusion, Penn Millers cites *Wadsworth v. United States Postal Serv.,* 511 F.2d 64 (7th Cir.1975), *Executive Jet Aviation, Inc. v. United States,* 507 F.2d 508 (6th Cir.1974), and *Wallis v. United States,* 102 F.Supp. 211 (E.D.N.C.1952). Penn Millers argues that in these three FTCA cases, the court held that a motion to amend and motion to relate back were proper.

The court has examined these three cases and finds them distinguishable. In *Wadsworth,* the insured and the insurer each had filed a separate timely administrative claim. *See Wadsworth,* 511 F.2d at 65. Thus, when the insured amended the complaint to add the insurer as a plaintiff,

"the government had timely notice of the claim and the insurer's interest, and, therefore, was not prejudiced by the failure to join the insurer initially." *Id.* at 67. Moreover, "[a]n exhibit attached to the complaint showed the interest of the insurer in the claim." *Id.* at 66. Unlike the insured in *Wadsworth*, S & C Construction never filed an administrative claim, and the complaint does not mention Penn Millers Insurance Company.

In *Executive Jet*, Executive Jet filed an administrative claim under the FTCA, but Executive Jet did not include its insurers in the claim, and the insurers did not file a claim. *Executive Jet Aviation*, 507 F.2d at 510–11. Executive Jet's claim was denied, and Executive Jet filed suit. In court, the government argued that Executive Jet was not the real party interest because Executive Jet's insurers had paid Executive Jet to cover a substantial portion of the loss. *Id.* at 511. The district court held that "because the insurers had not filed an administrative claim within two years of the accident as required by 28 U.S.C. § 2401(b), the insurers could not be joined as plaintiffs. Therefore, the court dismissed the complaint with prejudice . . . ." *Id.* The Sixth Circuit reversed and held that "on the particular facts of this case the administrative claim filed by Executive Jet served to toll the limitation period of § 2401(b) with respect to the claim of the insurers. Therefore, Executive Jet should be permitted to amend its administrative claim to show the insurers as joint claimants, and the insurers should be given an opportunity to join in this action as plaintiffs." *Id.* at 515. The Sixth Circuit expressly reserved, however, whether the same result would be reached "in cases in which the subrogor [failed to file] a timely and complete administrative claim." *Id.* at 517. Unlike the insured in *Executive Jet*, S & C Construction never filed a claim. Tellingly, in *Shelton v. United States*, the Sixth Circuit declined to extend *Executive Jet* to a case (like this one) where the insured/subrogor failed to file a timely and complete administrative claim. 615 F.2d 713, 715 (6th Cir.1980). Thus, *Executive Jet* is distinguishable.

Moreover, the United States argues (in the alternative) that *Executive Jet* is no longer viable after *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). The United States notes that the Sixth Circuit's statement in *Executive Jet* that "technical failure to comply with the administrative claim procedures is not necessarily fatal to recovery," 507 F.2d at 516 n. 4, appears to conflict with the Supreme Court's demand for "strict adherence to the [FTCA's] procedural requirements . . . ." *McNeil*, 508 U.S. at 113, 113 S.Ct. 1980. The United States' alternative argument has force as to *Executive Jet* and as to another case Penn Millers cites—*Nicholson Air Serv., Inc. v. United States*, 686 F.Supp. 538, 538–39 (D.Md.1988). In *Nicholson*, the District of Maryland permitted an insurance company that had filed an administrative claim to be substituted as a plaintiff pursuant to Fed.R.Civ.P. 17(a), even though the insured, who had filed suit, had never filed an administrative claim. As with *Executive Jet*, *Nicholson* is distinguishable from this case because the court in *Nicholson* did not analyze relation back under Rule 15(c)(3) and did not have the benefit of *Locklear*. Nonetheless, *Nicholson* is called into doubt by *McNeil* and Fourth Circuit cases such as *Gould* that require strict compliance with the FTCA's procedural requirements. *See Gould*, 905 F.2d at 744–45; *see also United Servs. Auto Assoc.*, 105 F.3d at 187; *Muth*, 1 F.3d at 249.

In *Wallis*, plaintiff Wallis suffered a loss and her insurance company fully compensated her for the loss. Wallis sued the United States for the loss. The United States then secured an order making the

insurance company a party plaintiff. *Wallis*, 102 F.Supp. at 212. The insurance company and plaintiff then filed an amended complaint. *Id.* The United States moved to dismiss the insurance company's action because the FTCA's statute of limitations had run before the amended complaint was filed. *Id.* The district court rejected the statute of limitations argument and held that the amended complaint related back. *Id.*

*Wallis* arose before Congress added the mandatory administrative claim procedure to the FTCA in 1966. *See* Act of July 18, 1966, Pub, L. No. 89–506, 80 Stat. 306. Moreover, *Wallis* arose under an earlier version of Fed.R.Civ.P. 15(c) and arose before the Fourth Circuit interpreted Rule 15(c)(3) in *Locklear.* Thus, *Wallis* does not help S & C Construction or Penn Millers.

At oral argument, Penn Millers made one final argument: the Army's failure to respond to Penn Millers' August 10, 2005, request for reconsideration indefinitely tolled the six-month statute of limitations in 28 U.S.C. § 2401(b). Thus, Penn Millers contends that the amended complaint is timely. In support, Penn Millers cited *Bond v. United States*, 934 F.Supp. 351 (C.D.Cal.1996). Because Penn Millers raised this argument for the first time at oral argument, the court permitted the United States to file a brief after oral argument concerning *Bond.*

*Bond* does not help Penn Millers. In *Bond*, unlike in this case, the plaintiff filed an FTCA claim, received a "final denial" letter, filed a timely request for reconsideration, and then filed suit within six months of the "final denial" letter. *Bond*, 934 F.Supp. at 354. Unlike the plaintiff in *Bond*, Penn Millers never filed suit within six months of the July 2005 "final denial" letter or within six months of its August 2005 request for reconsideration. Moreover, *Bond* does not stand for the proposi-

tion that if the government fails to respond to a request for reconsideration, then the six-month statute of limitations is tolled indefinitely. *See Bond*, 934 F.Supp. at 354–56.

■ Finally, to the extent that Penn Millers' argument seeks equitable tolling, the Fourth Circuit addressed equitable tolling and the FTCA in *Kokotis v. United States Postal Service*, 223 F.3d 275 (4th Cir.2000). The Fourth Circuit wrote: "because of the importance of respecting limitations periods, equitable tolling is appropriate only where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *Id.* at 280 (quotation omitted). In this case, the Army's failure to respond to the request for reconsideration is not misconduct, much less "the kind of misconduct required to equitably toll a limitations period." *Id.* at 281. Thus, the Army's failure to respond to Penn Millers' August 2005 request for reconsideration did not equitably toll the six-month limitations period.

### IV.

For the reasons stated above, the United States' motion for reconsideration is GRANTED. The action is DISMISSED due to a lack of subject matter jurisdiction. Alternatively, the court holds that the amended complaint does not relate back. Because the amended complaint does not relate back, the six-month statute of limitations in 28 U.S.C. § 2401(b) bars the claim in the amended complaint. Accordingly, the government's motion to dismiss the amended complaint is GRANTED. Because the action is dismissed, defendant's second motion to stay discovery is DENIED as moot.